STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN
                                                      FOURTH JUDICIAL DISTRICT

Charles Everett Cook, Sylvia Mae Cook,
And Timothy Blake Cook, natural persons,              Civil File No.:

                             Plaintiffs,        **COMPLAINT**

v.

City of Minneapolis, a municipal entity;
Minneapolis Police Officer Mark Johnson,
 Badge # 003459, in his individual, personal
 and official capacity; Sgt. D. Smulski, in his individual,
 personal and official capacity; Officer K. Blackwell,
 in his individual, personal and official capacity;
Officer Geoffrey Toscano, Badge # 007257,
 in his individual, personal and official capacity;
Officer Bevan Blauert, Badge #003459, in his individual,
 personal and official capacity; Officer Jon Petron,
 Badge # 5671, in his individual, personal and official capacity;
 Officer Christopher House, Badge # 3165, in his individual,
 personal and official capacity; Sgt. Robert Kroll,
 Badge # 003874, in his individual, personal and official capacity;
Officer Christie Nelson, Badge # 4959, in his individual,
 personal and official capacity; Officer William Willner,
Badge # 7783, in his individual, personal and official capacity;
Officer Westlund, Badge # 7674, in his individual, personal
 and official capacity; Officer Roger Smith, Badge # 006689,
 in his individual, personal and official capacity; Officer Jason King,
 Badge # 003704, in his individual, personal
 and official capacity; Officer Timothy Hanks,
 Badge # 002660, in his individual, personal and official capacity;
and Officers Jane Doe and Richard Roe, unknown
and unnamed Minneapolis Police Officers, in their
personal, individual, and official capacities,

                          Defendants.

---

      Now come the Plaintiffs, Charles Everett Cook, Sylvia Mae Cook, and Timothy Blake

1



Cook, and for their complaint against Defendants states and deposes as follows:

## PARTIES

1. Plaintiffs are natural persons residing in the state of Minnesota. Plaintiffs are residents of the United States of America and of the State of Minnesota. At the times material to this complaint, Plaintiffs resided in Hennepin County, State of Minnesota. Plaintiffs are African Americans and are therefore the member of a protected class.

2. Defendant Officers are natural persons, and upon information and belief is a resident of the State of Minnesota. At all times relevant to this complaint Defendants were employed by and acting in their capacity as members of the Minneapolis Police Department in the capacity of a sworn Police Officer. Defendant Officers are sued in both their personal capacity, individual and official capacity.

3. Defendant City of Minneapolis is a political entity and is sued as the employer of Officers.

4. Defendant City of Minneapolis is sued directly and also, on all relevant claims, on the theories of respondeat superior or vicarious liability and pursuant to Minnesota Statutes Section 466.02 for the actions of its officers and officials. The City of Minneapolis, operates, pursuant to its authority as a city of the first class, the Minneapolis Police Department (hereinafter "MPD").

## JURISDICTION AND VENUE

5. This Court has jurisdiction as to Plaintiff's state law and common law claims based on its general jurisdiction. It has concurrent jurisdiction over the federal claims.

6. The Court is the proper venue for this proceeding as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the County of Hennepin, Minneapolis, Minnesota.

## FACTS

7. On or about January 13, 2005, at approximately 10:30 p.m. Defendants entered the residence of 3845 Second Avenue South, Minneapolis, Minnesota. Approximately twenty officers from the SWAT Team and the Minneapolis Police entered the home without showing the warrant when asked. The officers came in with their riffles drawn in the presence of young children.

8. Plaintiff Charles Cook, a 69 year old man who is weak from dialysis treatment, came down the stairs to see what was going on. The officer demanded the Plaintiff to move faster and put his hands up. Defendant officer put his foot on Plaintiff's back and kicked him down the steps and continuously kicking Plaintiff in his side. Defendant repeatedly yelled at Plaintiff to "shut up" and then put his foot in Plaintiff's stomach. Each person, including young children, had a riffle put to their heads and verbally abusing by shouting obscenities at each person.

9. The Defendant officers made an unnecessary mess by throwing a pot of cooked food on the floor, taking food jars out of the refrigerator and breaking them on the floor and opening personal mail of people who were not on the search warrant.

10. The Defendant officers took a total of $160 from Plaintiff's grandchildren and other household belongings that were owned by Plaintiff. The search warrant was then thrown at Plaintiff Charles Cook.

3

11. In addition to the improper search and seizure of personal property, Defendants also violated Plaintiffs' rights by using unreasonable physical force against Plaintiffs and causing both physical and emotional injuries to Plaintiffs. This included kicking Timothy Cook in the head, pointing a firearm at Mrs. Cook at point blank range—thereby unreasonably threatening her with deadly force.

## CAUSES OF ACTION

### I.

### CONVERSION

12. Plaintiffs restate and incorporate by reference all the preceding paragraphs of their Complaint and states as follows:

13. That the City of Minneapolis, and its employees, Defendants officers, improperly and illegally seized the sum of at least $160 and other household property from Plaintiffs.

### II.

### ASSAULT

14. Plaintiffs restate and incorporate by reference all the preceding paragraphs of their Complaint and states as follows:

15. The actions of Defendants in using unreasonable threats and force constituted a wrongful, malicious, unlawful and intentional act intended to put Plaintiffs in immediate, imminent and direct fear and apprehension of an offensive touching by Defendant.

16. Defendants possessed the present ability and intent to harm Plaintiffs and Plaintiffs were in fact put in fear of harm from Defendants' actions, which ultimately led to great bodily injury.

17. As a direct and proximate cause of the actions of Defendants, Plaintiffs have suffered and will suffer damages in an amount in excess of $75,000.

## II.

## BATTERY

18. Plaintiffs restate and incorporate by reference all the preceding paragraphs of their Complaint and states as follows:

19. The actions of Defendants in using excessive force against Plaintiffs constituted an unpermitted and offensive touching or contact with Plaintiffs, all to Plaintiffs' harm and injury.

20. As a direct and proximate result of the actions of Defendants, Plaintiffs have suffered and will suffer damages in an amount in excess of $75,000.

## III.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiffs restates and incorporates by reference all the preceding paragraphs of their Complaint and states as follows:

22. The actions of Defendants in using excessive and outrageous force against Plaintiffs constituted such outrageous, intentional and / or reckless conduct so as to pass the boundaries of decency and were intolerable, amounting to conduct which is shocking to the conscious of civilized society.

23. As a direct result of the outrageous conduct of Defendants, Plaintiffs have suffered both extreme and severe physical and emotional distress, as well as a direct violation and invasion of their personal security and civil rights.

24. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will suffer damages in an amount in excess of $75,000.

IV.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiffs restate and incorporate by reference all the preceding paragraphs of his Complaint and states as follows:

26. Plaintiff states that the negligent, reckless and heedless actions of Defendants placed Plaintiff in a zone of danger causing him to be subjected to great and actual risk of physical impact and emotional harm, including fear of their own safety.

27. As a direct and proximate cause of the actions of Defendants, Plaintiffs have suffered and will suffer damages in an amount in excess of $75,000.

V.

## 42 U.S.C. SECTION 1983

28. Plaintiffs restates and incorporates by reference all the preceding paragraphs of their Complaint and state as follows:

29. The actions of Defendants were taken under color of law with regard to Plaintiffs and constitute state action under "color of law" as defined by United States Code Section 1983.

30. The actions of Defendants were unreasonable, constituted excessive use of force, and were not the actions of a reasonably well-trained police officer but instead were actions that shock the conscience of a reasonable person. Further, said actions violated the well-established and clearly enunciated constitutional rights of Plaintiffs including, but not limited to the right to be free from excessive force, summary punishment, violations of due process, and deprivation of liberty rights and interests.

31. Defendants took money and other property from Plaintiffs' without due process of law.

32. The actions of Defendants were malicious, unreasonable, and so shocking to the conscience as to amount to a summary punishment of Plaintiffs and a clear violation of Plaintiffs' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and were the actions of a reasonably well-trained police officer.

33. As a direct and proximate cause of the negligent, intentional, or unconstitutional acts of Defendants, Plaintiffs' Constitutional rights, including under the First, Fourth, Fifth, Eighth and Fourteenth Amendments, were violated and they have suffered and will suffer damages in excess of $75,000.

IV.

DISCRIMINATION IN PUBLIC SERVICES

[MHRA] MINNESOTA STATUTES CHAPTER 363A

34. Plaintiff restates and incorporates by reference all the preceding paragraphs of her Complaint and states as follows:

35. The actions of Defendants in acting in a racially hostile and discriminatory fashion constituted discrimination in the provision of public services as defined by Minnesota law.

36. As a direct and proximate cause of the actions of Defendants, Plaintiffs have suffered and will suffer damages in excess of $50,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, demand the following relief from this Court against all the Defendants, jointly and severally:

I. Compensation for the amount of loss from the illegal seizure of $160 and for the items taken from Plaintiff's home.

II. A declaratory judgment that the policies, practices, and acts complained of herein are illegal and unconstitutional.

III. An order granting Plaintiffs judgment and an award of reasonable damages in an amount in excess of $75,000.

IV. An order granting Plaintiffs injunctive and declaratory relief against Defendant and restraining him from any and all further illegal, unconstitutional conduct and supervising their future conduct as Minneapolis police officials.

V. Any and all further relief available, including costs, disbursements, interest, and attorney's fees under 42 U.S.C. Section 1988 and other applicable law.

VI. A JURY TRIAL IS DEMANDED.

Dated: 1/8/2006

GOINS & WOOD, P.C.

By: _____
Albert Turner Goins, Sr., #126159
301 Fourth Avenue South
378 Grain Exchange Building
Minneapolis, Minnesota 55415
Telephone: 612.339.3848
Facsimile: 612.339.3853

Dated: 1/9/06

LAW OFFICE OF MAYA C. SULLIVAN, L.L.C.

By: _____
Maya C. Sullivan, #331119
3948 Central Ave. N.E.
Suite 103
Minneapolis, MN 55421
763.788.1000

**ATTORNEYS FOR PLAINTIFFS THE COOK FAMILY MEMBERS**