the name and address of the treating person(s), institution or entity and the inclusive dates of treatment.

10. Please state whether or not any of the Plaintiffs have any physical or mental handicaps or disabilities and indicate the nature and extent of each such handicap or disability.

11. If any of the Plaintiffs contend that the incident alleged in the complaint exaggerated or exacerbated any pre-existing handicap, disability or injury, please state in detail the basis for the contention and the nature and extent of such exaggeration or exacerbation.

12. For each Plaintiff fully identify by name and amount all alcohol and/or drugs, whether prescription or otherwise, ingested during the 24-hour period immediately preceding the incident alleged in the Complaint specifically including, but not limited to, that which was ingested during the six hours before this incident. Include in the answer the place(s) where you ingested such substance, the provider(s), and the persons present when you ingested such substance.

13. State each and every fact upon which Plaintiffs base their claim that the conduct, behavior and/or actions of Minneapolis Police Officers caused the injuries, damages or harm alleged in the Complaint. Please note that a detailed description of the factual basis for Plaintiff's claim is sought by this interrogatory and not mere conclusions, legal theory or attorney work product.

14. Describe in detail the exact nature and character of each and every injury Plaintiffs are claiming specifically including, but not limited to, a detailed description of any functional losses you claim to have suffered.

15. Does any Plaintiff claim any pain and suffering, emotional distress, humiliation, loss of reputation and/or loss of enjoyment of life? If so, fully and in detail explain each such claim and what measures, if any, were taken to alleviate said injuries.

16. Does any Plaintiff claim any loss of earnings, wages, salaries or commissions or the capacity to earn such as a result of the incident or injuries you allege? If so, fully and in detail explain each such loss and the basis therefore.

17. If Plaintiffs claim that the Defendants, the City of Minneapolis or any of its agents or employees made any admissions of liability or damages or had any conversations that may be construed as an admission of liability or damages, please state in detail:

   a. The date, time, place and identity of each agent or employee making such admission;

   b. The substance of each such admission;

   c. The name, address, age and occupation of the person(s) who will testify to each such admission; and

   d. The name, address and occupation of the person(s) to whom each admission was made.

18. Fully identify by name, address and telephone number each and every person known to Plaintiffs, or to others acting on their behalf, who has knowledge of the facts and circumstances of the events and/or injuries claimed in this action.

19. Have Plaintiffs, or anyone acting on their behalf, taken any statements or photographs or gathered any other evidence bearing on the facts and circumstances of this action? If so please state:

   a. The name, address, occupation and telephone number of the person(s) giving such statement;

   b. Whether such statement was oral or written and if oral whether or not it was reduced to written form and signed by the party;

    c.    The name, address, occupation and telephone number of the person taking such statement(s), photograph(s) or such other factual evidence; and

    d.    The name, address, occupation and telephone number of the current custodian of each such statement, photograph or other factual evidence.

21.    Fully identify each and every person by name, address, occupation and telephone number you intend to call as a witness at trial and state the facts to which each witness is expected to testify.

22.    Identify by name, address, place of employment and area of expertise for each person you expect to call as an expert witness at trial and for each state;

    a.    The subject matter to which the expert is expected to testify;

    b.    The substance of his/her opinion and the facts relied upon in forming the opinion; and

    c.    A summary of the grounds for each opinion.

23.    Have any of the Plaintiffs been convicted, or released from confinement from a conviction, of any crime within the last ten (10) years. If so, give the specific crimes and dates of conviction, and release from confinement from any conviction.

Dated: 9.15.06

JAY M. HEFFERN
City Attorney
By: *[signature]*
JAMES A. MOORE
Assistant City Attorney
Attorney Reg. No. 16883X
TRACEY NELSON
Assistant City Attorney
Attorney Reg. No. 0311807
Attorneys for Defendants
333 South 7th Street, Suite 300
Minneapolis, Minnesota 55402-2453
(612) 673-2063

7

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

Charles Everett Cook, Sylvia Mae Cook, and Timothy Blake Cook, natural persons,

Court File No.:  06L- 0022 (DWF/AJB)

        Plaintiffs,

**DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS**

   v.

City of Minneapolis, a municipal entity; Minneapolis Police Officer Mark Johnson, Badge #003459, in his individual, personal and official capacity; Sgt. D. Smulski, in his individual, personal and official capacity; Officer K. Blackwell, in his individual, personal and official capacity; Officer Geoffrey Toscano, Badge #007257, in his individual, personal and official capacity; Officer Bevan Blauert, Badge #003459, in his individual, personal and official capacity; Officer Jon Petron, Badge #4671, in his individual, personal and official capacity; Officer Christopher House, Badge #3165, in his individual, personal and official capacity; Sgt. Robert Kroll, Badge #003874, in his individual, personal and official capacity; Officer Christie Nelson, Badge #4959, in his individual, personal and official capacity; Officer William Willner, Badge #7783, in his individual, personal and official capacity; Officer Westlund,  Badge #7674, in his individual, personal and official capacity; Officer Roger Smith, Badge #006689; Officer Jason King, Badge #003704, in his individual, personal and official capacity; Officer Timothy Hands, Badge #002660, in his individual, personal and official capacity; and Officers Jane Doe and Richard Roe, unknown and unnamed Minneapolis Police Officers, in their personal, individual, and official capacities,

        Defendants.

---

TO: Plaintiffs above-named and their attorneys, Albert Goins, Goins & Wood, 401 4th Avenue South, 378 Grain Exchange Building, Minneapolis, Minnesota 55402, and Maya Sullivan, 3948 Central Ave. N.E., Ste. 103, Minneapolis, MN 55421.

PLEASE TAKE NOTICE pursuant to Rule 34, Federal Rules of Civil Procedure, request is hereby made that Plaintiff produce, within the time period prescribed by law, legible copies of the following.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 26(e), Federal Rules of Civil Procedure, this request is deemed to be continuing and any additional or subsequent information you receive relating to the subject matter of this discovery must be furnished to the undersigned. OBJECTION WILL BE MADE AT THE TIME OF TRIAL AGAINST ANY ATTEMPT TO INTRODUCE EVIDENCE WHICH IS DIRECTLY SOUGHT BY THIS REQUEST AND WHICH HAS NOT BEEN PREVIOUSLY DISCLOSED.

YOU ARE FURTHER ADVISED that any evasive or incomplete response is deemed to be a failure to respond within the meaning of Rule 37, Federal Rules of Civil Procedure.

## INSTRUCTIONS

1. The term "statement" when used by this Request means any written statement, signed or otherwise adopted, ratified or approved, either expressly or impliedly by the person making it, <u>or</u> any stenographic, mechanical, electrical, photocopy or other recording or record or transcription thereof which is substantially a synopsis or verbatim recital of an oral comment or statement by the person making it and contemporaneously recorded.

2. The term "tax return" means each and every document created and filed with the United States Internal Revenue Service and/or the Minnesota Department of Revenue. The term includes all supporting schedules, wage or earning statements, and each and every other document or record required to be filed by the appropriate revenue laws.

3. The term "trial exhibit" means each and every document, record, photograph, chart or other thing created for the purpose of seeking to introduce such thing or record as an exhibit at trial. The term includes items of demonstrative evidence which you intend to use in support of substantive evidence you will seek to introduce at trial.

4. "Document" for purposes of this Request herein shall include correspondence, notes, memoranda, contracts, agreements and any and all other writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.

5. Complaint means the complaint filed in United States District Court, District of Minnesota, File No. 06L-0022 (DWF-AJB).

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Legible copies of all statements which concern the facts and circumstances of the incident giving rise to this litigation or damages claimed as a result thereof.

2. Legible copies of all documents, photographs, reports, diagrams, physical evidence, or other things, of whatever kind, which concern or relate to the allegations in the Complaint.

3. Legible copies of all medical requests, reports, summaries or other writings or charts which in any way relate to the injuries or damages relating to Plaintiff Charles Cook's allegedly weakened medical conditions.

4. Legible copies of each and every document, item or thing you intend to seek to introduce as an exhibit at trial.

5. Legible copies of each and every document identified, referenced, used, consulted, or relied upon to answer Defendants' Interrogatories to Plaintiff.

Dated: **9·15·06**

JAY M. HEFFERN
City Attorney
By

*/s/ Tracey Nelson*

JAMES A. MOORE
Assistant City Attorney
Attorney Reg. No. 16883X
TRACEY NELSON
Assistant City Attorney
Attorney Reg. No. 0311807
Attorneys for Defendants
333 South 7th Street, Suite 300
Minneapolis, Minnesota 55402-2453
(612) 673-2063

4

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

Charles Everett Cook, Sylvia Mae Cook, And Timothy Blake Cook, natural persons,

Plaintiffs,

v.

City of Minneapolis, a municipal entity; Minneapolis Police Officer Mark Johnson, Badge #003459, in his individual, personal and official capacity; Sgt. D. Smulski, in his individual, personal and official capacity; Officer K. Blackwell, in his individual, personal and official capacity; Officer Geoffrey Toscano, Badge #007257, in his individual, personal and official capacity; Officer Bevan Blauert, Badge #003459, in his individual, personal and official capacity; Officer Jon Petron, Badge #4671, in his individual, personal and official capacity; Officer Christopher House, Badge #3165, in his individual, personal and official capacity; Sgt. Robert Kroll, Badge #003874, in his individual, personal and official capacity; Officer Christie Nelson, Badge #4959, in his individual, personal and official capacity; Officer William Willner, Badge #7783, in his individual, personal and official capacity; Officer Westlund, Badge #7674, in his individual, personal and official capacity; Officer Roger Smith, Badge #006689, ; Officer Jason King, Badge #003704, in his individual, personal and official capacity; Officer Timothy Hands, Badge #002660, in his individual, personal and official capacity; and Officers Jane Doe and Richard Roe, unknown and unnamed Minneapolis Police Officers, in their personal, individual, and official capacities,

Defendants.

**DEFENDANTS' INITIAL DISCLOSURES**

---

Pursuant to Rule 26(a)(1), Defendants City of Minneapolis, Minneapolis Police Department, Officer Mark Johnson, Sgt. D. Smulski, Officer Bevan Blauert, Officer Jon Petron, Officer Christopher House, Sgt. Robert Kroll, Officer Christi Nelson, Officer William Willner, Officer K. Blackwell, Officer Geoffrey Toscano, Officer Gary Westland, Officer Jason Smith, Officer Roger Smith, and Officer Timothy Hands (hereinafter jointly referred to as "Defendants") make the following disclosures concerning the disputed facts alleged with particularity in the pleadings.

## INTRODUCTORY STATEMENT

The following disclosures are made based on the information reasonably available to Defendants as of the date hereof. By making these disclosures, Defendants do not represent that they are identifying every document, tangible thing or witness that they may possibly use to support their claims or defenses. Defendants do not waive their right to object to production of any document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevancy, undue burden or any other valid objection. Defendants' disclosures represent a good faith effort to identify information they reasonably believe they may use to support their claims or defenses, unless solely for impeachment, as required by Rule 26(a)(1).

Finally, Defendant's disclosures are made without in any way waiving: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, data classification or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All of the disclosures set forth below are made subject to the above objections and qualifications.

A. Name and, if known, the address and telephone number of each individual likely to have discoverable information that defendants may use to support their claims or defenses, unless solely for impeachment, identifying the subjects of the information.

Sgt. D. Smulski
Officer William Willner
Sgt. Robert Kroll
Officer Geoffrey Toscano
Officer Christie Nelson
Officer Jason King
Sgt. Todd Gross

Officer Roger Smith
Officer Bevan Blauert
Officer Jon Petron
Officer Christopher House
Officer Gary Westland
Officer Timothy Hanks
Sgt. Michael Young

B. A copy of, or a description by category and location of, all documents, data compilations and tangible things in the possession, custody, or control of defendants and that defendants may use to support their claims or defenses, unless solely for impeachment.

Police reports – City Attorneys' Office.
Emergency Communications Center records – City Attorneys' Office.
Audiotape relating to the execution of the search at Plaintiff's house--City Attorney's Office.
City Attorney Criminal Division files relating to Plaintiff--City Attorneys' Office.
Hennepin County District Court records relating to protective orders-- in possession of the Court.
Hennepin County District Court records relating to prosecution of Plaintiff-- in possession of the Court.

C. A computation of all damages claimed by the defendants, including materials bearing on the nature and extent of injuries suffered.

Not applicable.

D. Any insurance agreement which may cover all or part of the judgment or to indemnify or reimburse payments made to satisfy the judgment.

The City of Minneapolis is a self-insured municipal corporation and is defending and indemnifying the individual defendants pursuant to Minn. Stat. § 466.07.

Defendants respectfully make these disclosures based on information reasonably available to them at this time. Defendants will supplement these disclosures when appropriate.

3

Dated: 9·15·06

JAY M. HEFFERN
City Attorney
By

*/s/ James A. Moore*

JAMES A. MOORE
Assistant City Attorney
Attorney Reg. No. 16883X
TRACEY NELSON
Assistant City Attorney
Attorney Reg. No. 0311807
Attorneys for Defendants
333 South Seventh Street, Suite 300
Minneapolis, MN 55402-2453
(612) 673-2063